IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WILLIAM JOSEPH SAFFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:14cv267 |
| ) | |
| B.J. BARNES, Individually and ) | |
| in his official capacity as ) | |
| the duly elected Sheriff of ) | |
| Guilford County, North ) | |
| Carolina; and M.B. STEWART, ) | |
| Individually and in his ) | |
| official capacity as Deputy ) | |
| Sheriff of Guilford County, ) | |
| North Carolina, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

Plaintiff William Safford brings suit against Defendants B.J. Barnes, Sheriff of Guilford County, and M.B. Stewart, a Deputy Sheriff of Guilford County, for alleged violations of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983, as well as violations of North Carolina law. Before the court is Defendants' motion to dismiss several of Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 6.) For the reasons set forth below, the motion will be granted in full.

I. BACKGROUND

The allegations of the complaint, viewed in the light most

favorable to Safford, are as follows:

On March 30, 2011, Safford was in district courtroom number GB1C of the Guilford County Courthouse in Greensboro, North Carolina. (Compl. ¶ 11, Doc. 1.) Safford is a middle-aged male with severe physical ailments, including back problems requiring the use of a cane or other assistance. (Id. ¶ 9.) He faces difficulties sitting or standing for extended periods of time without experiencing considerable discomfort. (Id.)

After sitting in the courtroom for a protracted period of time to have a prior criminal charge against him dismissed, Safford's back "seized up," causing him immediate, severe pain. (Id. ¶ 11.) To ease the pain, Safford stood up in the courtroom. (Id.) Stewart – a Deputy Sheriff of the Guilford County Sheriff's Department and the bailiff on duty in the courtroom at the time – approached Safford and ordered him to return to his seat. (Id. ¶¶ 6, 10-11.) After informing Deputy Stewart of his back ailment and current physical pain, Safford requested that Deputy Stewart allow him to remain standing until the pain subsided in his back. (Id. ¶ 11.) According to Safford, the pain in his back and down his legs would not allow him to sit down or leave the courtroom at that time. (Id.) Deputy Stewart, however, took Safford "by his arms and dragged and forced him out of the courtroom, pushing him through double doors and into [a] hallway where [Deputy Stewart] slammed him

2

forcefully into a wall and forced [Safford's] arm up and behind his back," placing Safford in handcuffs. (Id.) That same day, Safford was placed under arrest for resisting a public officer, per either a magistrate's order or warrant obtained by Deputy Stewart. (Id. ¶ 13.) Sheriff Barnes – the other defendant in this case – is the Sheriff of Guilford County and Deputy Stewart's superior. (Id. ¶ 7.)

Deputy Stewart's actions "greatly aggravated" Safford's physical ailments. (Id. ¶ 12.) Safford underwent medical treatment, resulting in medical bills, and experienced pain and suffering. (Id.)

Safford filed his complaint on March 28, 2014, asserting six causes of action: Fourth and Fourteenth Amendment violations under § 1983 against Deputy Stewart; Fourth and Fourteenth Amendment violations under § 1983 against Sheriff Barnes; a North Carolina State law claim of false arrest and imprisonment against Sheriff Barnes and Deputy Stewart; a State law claim of battery against Deputy Stewart; vicarious liability claim against Sheriff Barnes incorporating all § 1983 and State-law claims; and a claim of "judgment against the person" under State law against Deputy Stewart.[1] (Doc. 1.) Sheriff Barnes and Deputy Stewart were named in both their official and individual

---

[1] The complaint's numbering of the causes of action omits numbers five and six, skipping from the fourth cause of action to the seventh.

3

capacities. In response to Safford's claims, Defendants concurrently answered and moved to dismiss part of Safford's complaint for lack of jurisdiction and failure to state a claim. (Docs. 6, 8.) Plaintiff responded (Doc. 10), and Defendants did not reply. The motion is now ready for consideration.

## II. ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). A Rule 12(b)(6) motion to dismiss "challenges the legal sufficiency of a complaint considered with the assumption that the facts alleged are true." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (internal citations omitted).

### B. Fourteenth Amendment Claims Under 42 U.S.C. § 1983

In his first and second causes of action, Safford brings claims against Defendants under § 1983 for violations of the Fourth and Fourteenth Amendments, alleging use of excessive force and arrest without probable cause. Defendants argue that the facts alleged in the complaint plausibly state a claim only under the Fourth Amendment, not the Fourteenth Amendment. Safford appears to concede this point. (Doc. 10 at 6 ("Plaintiff asserts that this is a Fourth Amendment case.").) Nevertheless, he later contends that the alleged facts regarding the use of excessive force state a claim under both the Fourth and Fourteenth Amendments. (Id. at 7.)

"In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham v. Connor, 490 U.S. 386, 394 (1989). Claims of excessive force brought under § 1983 implicate either Fourth or Fourteenth Amendment rights. See Orem v. Rephann, 523 F.3d 442, 445–46 (4th Cir. 2008), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34, 38–39 (2010). "The point at which Fourth Amendment protections end and Fourteenth Amendment protections begin is often murky." Orem, 523 F.3d at 446. The Fourth Amendment governs claims of excessive force "in the course of making an arrest, investigatory stop, or other 'seizure' of [a] person." Graham,

5

490 U.S. at 388; see also Orem, 523 F.3d at 446. By contrast, the Due Process Clause of the Fourteenth Amendment applies to the excessive force claims of a pretrial detainee or arrestee. See Orem, 523 F.3d at 446.

In his complaint, Safford alleges that Deputy Stewart used excessive force in removing him from the courtroom. (Compl. ¶ 11.) Because the alleged excessive force occurred before Safford was in custody (i.e., before and during his arrest), the Fourth Amendment – not the Fourteenth Amendment – applies to Safford's claim of excessive force. See Graham, 490 U.S. at 388 (observing that the Fourth Amendment governs claims of excessive force during "the course of an arrest"); Russell v. Wright, 916 F. Supp. 2d 629, 636 (W.D. Va. 2013) ("Claims of excessive force occurring during an arrest are to be evaluated under the Fourth Amendment to the United States Constitution."); cf. Orem, 523 F.3d at 446 (concluding that Fourteenth Amendment applied after arrest). Safford's Fourteenth Amendment claims against both Sheriff Barnes and Deputy Stewart will therefore be dismissed.

**C. Fourth Amendment Claim Under 42 U.S.C. § 1983 Against Sheriff Barnes**

Safford's second cause of action alleges that Sheriff Barnes – in his official and individual capacities – is liable for a failure to properly "hire, train, educate, and supervise deputies," resulting in violations of Safford's constitutional

6

rights. (Compl. ¶¶ 22-24.) Defendants contend that Safford's allegations against Sheriff Barnes – in both capacities – are factually insufficient to state a claim upon which relief may be granted.

### 1. Failure-to-train § 1983 Claim Against Sheriff Barnes in His Official Capacity

Safford claims that Sheriff Barnes – in his official capacity – failed to properly hire, train, educate, and supervise deputies. Specifically, he alleges that "a reasonably well-trained officer in Defendant Stewart's position would have recognized that Mr. Safford was willing to comply with his order but was not physically able to do so because of his injury" and that such an officer "would have allowed Mr. Safford to appropriately address his physical ailments before gently escorting him" out of the courtroom. (Id. ¶ 16.) Defendants contend that these allegations fail to meet the pleading requirements of Twombly and Iqbal. This court agrees with Defendants.

As a preliminary matter, Safford articulates no factual allegations regarding Sheriff Barnes' failure to properly hire or supervise. He appears to acknowledge this conclusion by only arguing that his complaint has stated a claim for failure to train. (See Doc. 10 at 7-11.) In any event, Safford's complaint lacks any facts alleging why Deputy Stewart should not

7

have been hired or how Deputy Stewart lacked adequate supervision. Safford's claims based on those conclusory allegations will therefore be dismissed. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Safford does allege a failure to train on the part of Sheriff Barnes in his official capacity. To impose liability under § 1983 on a municipality for failure to train, the failure to train must reflect the municipality's deliberate indifference to the rights of its citizens. See City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989) ("[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."); Doe v. Broderick, 225 F.3d 440, 456 (4th Cir. 2000). Deliberate indifference is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Connick v. Thompson, 131 S. Ct. 1350, 1360 (2011) (quoting Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 410 (1997)); see also Farmer v. Brennan, 511 U.S. 825, 835-36 (1994) (holding that deliberate indifference lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other" and roughly equates to recklessness).

"A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Connick, 131 S. Ct. at 1360 (citation omitted). However, "in a narrow range of circumstances, a pattern of similar violations might not be necessary to show deliberate indifference." Id. at 1361 (quoting Bryan Cnty., 520 U.S. at 409) (internal quotation marks omitted). With allegations of only a single violation of federal rights, a plaintiff may still establish deliberate indifference by showing that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [municipality] can reasonably be said to have been deliberately indifferent to the need." Canton, 489 U.S. at 390.

Safford identifies no pattern of constitutional violations. See Connick, 131 S. Ct. at 1360. Instead, relying on the exception recognized in Canton, Safford argues that "[t]he need to train bailiffs on the use of reasonable force is so obvious that Sheriff Barnes' failure to do so amounts to deliberate indifference." (Doc. 10 at 10.) While this argument relies on an exception viable in only a limited set of circumstances, the Supreme Court has sanctioned application of this exception where a municipality arms officers without training them "in the constitutional limitations on the use of deadly force." Canton,

9

489 U.S. at 380 n.10. In that circumstance, deliberate indifference to an obvious risk on the part of the municipality can establish a claim under § 1983. See id.; Connick, 131 S. Ct at 1361.

Safford's allegations, even assumed to be true, fall short of sufficiently pleading Canton's narrow range of single-incident liability. Safford provides no "supporting facts of even the most general nature to suggest any specific deficiencies in training" in the use of reasonable force. Revene v. Charles Cnty. Comm'rs, 882 F.2d 870, 875 (4th Cir. 1989); see also Tobey v. Napolitano, 808 F. Supp. 2d 830, 844 (E.D. Va. 2011) (observing that plaintiff had "not articulated any particular training deficiency that should have been evident"), aff'd sub nom. Tobey v. Jones, 706 F.3d 379 (4th Cir. 2013). Moreover, the complaint's allegations offer no suggestion "that the incident here alleged was anything but an aberrational act by an individual officer, however motivated." Revene, 882 F.2d at 875. "A single act of the type here alleged cannot suffice, standing alone, to establish the existence of . . . a policy" of inadequate training. Id.; see also Connick, 131 S. Ct at 1359 ("A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."). Thus, because Safford has failed to

10

plausibly allege deliberate indifference to support his failure-to-train claim, that claim will be dismissed.

### 2. Supervisory Liability § 1983 Claim Against Sheriff Barnes in His Individual Capacity

Safford also asserts that Sheriff Barnes – in his individual capacity – failed to properly hire, train, educate, and supervise deputies under § 1983. In essence, Safford seeks to impose supervisory liability on Sheriff Barnes. See Ensko v. Howard Cnty., Md., 423 F. Supp. 2d 502, 511 (D. Md. 2006) ("Although there is no respondeat superior liability under § 1983, supervisory officials may be held liable for the constitutional violations of their employees if their indifference or tacit authorization of subordinates' misconduct caused injury."). To establish supervisory liability under § 1983, a plaintiff must show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted). Safford's complaint lacks sufficient factual allegations to impose supervisory liability on Sheriff Barnes.

11

First, Safford fails to allege facts showing Sheriff Barnes' actual or constructive knowledge. To demonstrate knowledge under Shaw, a plaintiff must show:

> (1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff. Establishing a "pervasive" and "unreasonable" risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury.

Id. (citation omitted). Safford argues that his complaint sufficiently alleges Sheriff Barnes' knowledge by asserting that, as sheriff, Sheriff Barnes knew Deputy Stewart would be required to use force. Even if true, Safford must allege facts establishing that Sheriff Barnes knew of conduct by Deputy Stewart involving excessive force. Cf. id. at 799–800 (holding that plaintiff established knowledge requirement under Shaw by showing that officer in three incidents "used excessive force which posed an unreasonable risk of harm to arrestees"). Safford, however, makes no allegation that Sheriff Barnes had knowledge of any incidents involving Deputy Stewart's use of force, let alone excessive force. Cf. id.; Wilkins v. Montgomery, 751 F.3d 214, 227 (4th Cir. 2014); Willis v. Blevins, 966 F. Supp. 2d 646, 662 (E.D. Va. 2013) (dismissing supervisory liability claim under § 1983 where supervisor was alleged to have had actual or constructive knowledge of "only

12

one prior act" by subordinate). Accordingly, Safford fails to establish Sheriff Barnes' knowledge under Shaw.

Second, Safford's allegations fall far short of those facts establishing a finding of deliberate indifference under Shaw. Demonstrating deliberate indifference requires a showing of "a supervisor's continued inaction in the face of documented widespread abuses." Shaw, 13 F.3d at 799. "The plaintiff assumes a heavy burden of proof in establishing deliberate indifference." Id. Here, there are simply no allegations of documented abuse. See Willis, 966 F. Supp. 2d at 663 (observing that a complaint containing one allegation of a previous "isolated incident" lacked "sufficient factual allegations" to establish deliberate indifference); cf. Jones v. Murphy, 470 F. Supp. 2d 537, 546 (D. Md. 2007) (observing that allegations contained "documented" and "widespread" abuses). Thus, Safford fails to allege factual allegations showing Sheriff Barnes' deliberate indifference.

Finally, Safford fails to state any facts demonstrating "an affirmative causal link" between Sheriff Barnes' alleged inaction and Deputy Stewart's conduct. Shaw, 13 F.3d at 799 (holding that "an affirmative causal link" can be established through a finding of direct or proximate causation). Safford articulates no facts suggesting that Sheriff Barnes instructed or otherwise caused Deputy Stewart to take any alleged action

13

against Safford. Moreover, as noted above, the complaint fails to allege that Sheriff Barnes had any knowledge of prior misconduct by Stewart. Therefore, the complaint fails to support a reasonable inference that Sheriff Barnes caused or was the proximate cause of the alleged violation by Stewart.

For all these reasons, Safford's claim imposing supervisory liability under § 1983 against Sheriff Barnes will be dismissed.

**D. State-Law Claims Against Sheriff Barnes in His Individual Capacity**

In his third cause of action, Safford attempts to hold Sheriff Barnes individually liable for false arrest and imprisonment under North Carolina law under a theory of *respondeat superior*. (See Compl. ¶ 31.) Sheriff Barnes argues that public official immunity bars State law claims against him in his individual capacity. (See Doc. 7 at 13-14.) Under North Carolina law,

> a public official, engaged in the performance of governmental duties involving the exercise of judgment and discretion, may not be held personally liable for mere negligence in respect thereto. The rule in such cases is that an official may not be held liable unless it be alleged and proved that his act, or failure to act, was corrupt or malicious, or that he acted outside of and beyond the scope of his duties.

Meyer v. Walls, 489 S.E.2d 880, 888 (N.C. 1997) (quoting Smith v. Hefner, 68 S.E.2d 783, 787 (N.C. 1952)); see also Smith v. Garcia, 5:08-CV-577-D, 2010 WL 3361653, at *3 (E.D.N.C. Aug. 20, 2010) (applying the rule in Meyers). Sherriff Barnes contends

14

that this immunity bars the false arrest and imprisonment claim against him.

In response, Safford concedes that Sheriff Barnes has public official immunity.[2] Safford therefore abandons his claim for false arrest and imprisonment against Sheriff Barnes in his individual capacity, and that claim will be dismissed.[3]

### E. Vicarious Liability Claims Under 42 U.S.C. § 1983

In his fifth cause of action, Safford claims that Sheriff Barnes, "as principal and employer of" Deputy Stewart, is vicariously liable for Deputy Stewart's actions. (See Compl. ¶ 35.) In his response to Defendants' motion to dismiss, however, Safford acknowledges that Sheriff Barnes may not be held vicariously liable under § 1983 in his individual capacity. (See Doc. 10 at 14.) Unless involved directly in the courtroom incident, Sheriff Barnes is not liable under § 1983 in his

---

[2] Specifically, Safford states: "Plaintiff recognizes that the Courts have decided to alleviate individual liability of the elected Sheriff for the constitutional injuries caused by the actions of his Deputies, such as . . . [i]ndividual capacity claims under North Carolina state law." (See Doc. 10 at 14.) In noting Safford's concession, the court does not examine or adopt Safford's reasoning. Cf. Mandsager v. Univ. of N.C. at Greensboro, 269 F.Supp.2d 662, 681 (M.D.N.C. 2003) (noting that under North Carolina law "[p]ublic official immunity is not a defense to intentional torts"); see also Beck v. City of Durham, 573 S.E.2d 183, 190 (2002).

[3] The complaint makes no allegation that Sheriff Barnes should be individually liable for the fourth cause of action for battery under North Carolina law. To the extent the complaint does attempt to do so, that claim is dismissed as well for the reasons provided in this section.

15

individual capacity. See Revene, 882 F.2d at 874 ("No other basis of liability [than official capacity] exists for holding the sheriff separately liable on the claim as pleaded because no claim is made that he was directly involved in [the alleged constitutional violation], and there is no vicarious liability under § 1983."). Safford does not allege that Sheriff Barnes was directly involved in the courtroom incident. Therefore, Sheriff Barnes is not liable for the § 1983 claims brought against him in his individual capacity. See Strickler v. Waters, 989 F.2d 1375, 1387 (4th Cir. 1993) (holding that a sheriff could not "be held vicariously liable for any conduct of his subordinates" in his individual capacity under § 1983); McDonald v. Dunning, 760 F. Supp. 1156, 1169 (E.D. Va. 1991) ("Because plaintiff has presented no evidence of the sheriff's personal involvement in the alleged violations, and the sheriff has averred that he had no knowledge of plaintiff's incarceration, the suit may not proceed against the defendant sheriff in his individual capacity.").

**F.  Allegations Under N.C. Gen. Stat. §§ 1-311 and 1-410**

Finally, Safford contends that a combination of North Carolina statutory provisions entitle him to execute a future judgment against Deputy Stewart. According to Safford, under N.C. Gen. Stat. § 1-410, Deputy Stewart is subject to arrest because of the conduct of a "Defendant Sydney Lemay," which

16

allegedly caused injury to Safford. (Compl. ¶ 37.) Because Deputy Stewart is subject to arrest under § 1-410, Safford then argues that he is entitled to "judgment against the person" of Deputy Stewart under § 1-311. (Id.)

As an initial matter, it is unclear who Defendant Sydney Lemay is or what involvement he or she has in this case. Even assuming that Safford's complaint meant Deputy Stewart rather than Sydney Lemay, the complaint fails to state a claim upon which relief can be granted. Safford's "claim" under North Carolina law is a recitation of two North Carolina procedural rules allowing for the execution of judgments against civil defendants. These two procedural rules merely allow the execution of a judgment against an individual who may have been arrested in a civil action. N.C. Gen. Stat. § 1-140; N.C. Gen. Stat. § 1-311; see also Fed. R. Civ. P. 69. They do not create a private right of action. See Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 372 (9th Cir. 2005) (holding that the Hawaii Rules of Civil Procedure did not create a cause of action); Shahin v. Darling, 606 F. Supp. 2d 525, 539 (D. Del. 2009), aff'd, 350 F. App'x 605 (3d Cir. 2009) (holding that state procedural rule did not create a cause of action); McShane v. Recordex Acquisition Corp., Civ. No. 01117 Feb. Term 2003, 070576, 2003 WL 22805233, at *1 (Pa. Ct. Com. Pl. Nov. 14, 2003) (same); Douglas v. Anson Fin., Inc., Civ. No. 2-05-283-CV,

2006 WL 820402, at *5 (Tex. Ct. App. Mar. 30, 2006) (failure to comply with Texas rules of civil procedure did not give rise to a private cause of action); see also Digene Corp. v. Ventana Med. Sys., Inc., 476 F. Supp. 2d 444, 452 (D. Del. 2007) ("[T]he Federal Rules of Civil Procedure do not create a private cause of action."). This claim will therefore be dismissed.

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that the motion to dismiss (Doc. 6) is GRANTED and that the following claims are DISMISSED: the Fourteenth Amendment claims against Sheriff Barnes and Deputy Stewart (first and second causes of action); the failure-to-train claim against Sheriff Barnes in his official capacity (second cause of action); the claim for supervisory liability against Sheriff Barnes in his individual capacity (second cause of action); the State-law claims against Sheriff Barnes in his individual capacity (third and fourth causes of action); the vicarious liability claims under § 1983 against Sheriff Barnes (fifth cause of action); and the claim against Deputy Stewart brought under N.C. Gen. Stat. §§ 1-311 and 1-410 (sixth cause of action).

                                              /s/   Thomas D. Schroeder
                                            United States District Judge

November 10, 2014